IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-682-KAJ |
| | ) | |
| AMBERWAVE SYSTEMS | ) | |
| CORPORATION, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## AMBERWAVE'S ANSWER

Defendant AmberWave Systems Corporation ("AmberWave") responds as follows to the Complaint of Plaintiff Intel Corporation ("Intel").

1. In response to paragraph 1, AmberWave admits that rules regarding jurisdiction are set forth in 28 U.S.C. §§ 1338(a), 2201, and 2202, which speak for themselves. Except as expressly admitted, AmberWave denies each and every allegation of paragraph 1.

2. In response to paragraph 2, AmberWave admits that rules regarding venue are set forth in 28 U.S.C. §§ 1391(b) and (c), which speak for themselves. AmberWave further admits that AmberWave is incorporated in Delaware. Except as expressly admitted, AmberWave denies each and every allegation of paragraph 2.

3. In response to paragraph 3, AmberWave admits, on information and belief, that Intel is a Delaware corporation with its principal place of business in Santa Clara, California, and that Intel is engaged in, among other things, the business of manufacturing computer microprocessors.

4. In response to paragraph 4, AmberWave admits that it is a Delaware corporation with its principal place of business in Salem, New Hampshire, and that it is engaged in, among other things, the business of developing strained silicon semiconductor technology.

5. AmberWave admits the allegations of paragraph 5.

6. AmberWave admits the allegations of paragraph 6.

7. In response to paragraph 7, AmberWave admits that Steven Frank, counsel for AmberWave, sent the letter attached to the Complaint as Exhibit B to Paul Otellini, Intel's President, on May 9, 2005, and that that letter speaks for itself.  Except as expressly admitted, AmberWave denies each and every allegation of paragraph 7.

8. In response to paragraph 8, AmberWave admits that, before Intel received the letter attached to the Complaint as Exhibit B, the parties had been engaged in communications regarding United States Patent No. 6,831,292 and United States Patent Application Publication Nos. 2004/0161947 and 2004/0045499.  Except as expressly admitted, AmberWave denies each and every allegation of paragraph 8.

9. In response to paragraph 9, AmberWave admits that on May 17, 2005, Intel filed a complaint in the United States District Court for the District of Delaware, attached to Intel's Complaint in the instant action as Exhibit C, and that the complaint speaks for itself.  Except as expressly admitted, AmberWave denies each and every allegation in paragraph 9.

10. In response to paragraph 10, AmberWave admits that the letter attached to the Complaint as Exhibit B speaks for itself, and that Intel has a reasonable apprehension of suit based on the '371 patent.  Except as expressly admitted, AmberWave denies each and every allegation in paragraph 9.

11. In response to paragraph 11, AmberWave denies each and every allegation contained therein.

12. In response to paragraph 12, AmberWave admits that the letter attached to the Complaint as Exhibit B speaks for itself.  Except as expressly admitted, AmberWave denies each

and every allegation contained therein, and further denies that Intel is entitled to any relief whatsoever.

13. In response to paragraph 13, AmberWave incorporates herein by this reference paragraphs 1 through 12 as if set forth in full.

14. In response to paragraph 14, AmberWave denies each and every allegation contained therein.

15. In response to paragraph 15, AmberWave denies each and every allegation contained therein.

16. In response to paragraph 16, AmberWave denies each and every allegation contained therein.

17. In response to paragraph 17, AmberWave denies each and every allegation contained therein.

## PRAYER FOR RELIEF

WHEREFORE, AmberWave prays for relief as follows:

A. That Intel take nothing by reason of its complaint, and that judgment be rendered in favor of AmberWave;

B. For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

C. For such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The court must decline subject matter jurisdiction over the Complaint and each of its purported claims based on the first-to-file doctrine.

**DEMAND FOR JURY TRIAL**

AmberWave hereby demands a trial by jury on any issue triable of right by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Leslie A. Polizoti*
Jack B. Blumenfeld (# 1014)
Leslie A. Polizoti (# 4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware  19899
(302) 658-9200
lpolizoti@mnat.com

Attorneys for AmberWave Systems Corporation

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067
(310) 277-1010


Dated:  October 18, 2005

488611

CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2005 I electronically filed AmberWave's Answer with the Clerk of the Court using CM/ECF, which will send notification of such filing to: Josy W. Ingersoll.

I also certify that copies were caused to be served on October 18, 2005 upon the following in the manner indicated:

**BY HAND**

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

**BY FEDERAL EXPRESS**

George M. Newcombe
Jefferey E. Ostrow
Patrick E. King
Simpson Thacher & Bartlett LLP
300 Hillview Avenue
Palo Alto, CA  94304

/s/ Leslie A. Polizoti_____
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200