# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

October 31, 2005

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

   Re: *Intel Corporation v. AmberWave Systems Corporation*
     C.A. No. 05-682-KAJ

Dear Judge Jordan:

   I write in response to Intel's letter of October 28, 2005. For the reasons set forth in this letter, we agree with Intel that there would be no point in having a scheduling conference in this case until after there has been a decision as to where the litigation on the '371 patent should proceed.

   There are now two actions pending in this Court between Intel and AmberWave: C.A. No. 05-301-KAJ (filed on May 17, 2005), which relates to AmberWave's '292 patent (Delaware I), and this case (filed on September 20, 2005), which relates to AmberWave's '371 patent (Delaware II).  These patents involve distinct technologies, and accuse different aspects Intel's processes to fabricate its microprocessors.  As a result, we do not believe there will be overlap on the issues of claim construction, infringement or validity.

   AmberWave filed its own action for infringement of the '371 patent in the Eastern District of Texas, C.A. No. 02-05CV-449-TJW, before Intel filed Delaware II on September 20.  Both actions were filed on the day that the '371 patent issued.  One week later, Intel filed a motion to supplement its Delaware I complaint to add a declaratory judgment claim regarding the '371 patent—the claim that Intel had already asserted in Delaware II—and to seek a ruling that this supplemental claim "relates back" to the filing date of Delaware I (even though the '371 patent did not exist at that time).  It appears that Intel filed its motion to supplement solely to obtain this "relation back" ruling in an effort to overcome the fact that AmberWave filed the first action relating to the '371 patent.  If Intel obtains a "relation back" ruling, it will inevitably argue that its supplemental '371 patent claim should be treated as having been filed before AmberWave's Texas action on the '371 patent. There is no other plausible explanation for Intel's conduct.  Intel does not need the "relation back" ruling for any other purpose, such as

The Honorable Kent A. Jordan
October 31, 2005
Page 2

overcoming a statute of limitations bar (the usual reason for requesting a "relation back" ruling under Federal Rule of Civil Procedure 15(c)).

As discussed in AmberWave's response to Intel's motion to supplement, it is well established that the Texas court—as the first court to acquire jurisdiction over the '371 patent dispute—should decide where the litigation on that patent should proceed.[1] For this reason, we believe that Intel's motion to supplement is premature. It makes no difference to the analysis that Intel has requested a "relation back" ruling: Intel's requested "relation back" ruling conflicts with controlling Federal Circuit case law, which holds that no declaratory relief action can be filed on a patent until it has been issued. *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996) ("We therefore hold that a threat is not sufficient to create a case or controversy unless it is made with respect to a patent that has issued before a complaint is filed."). Accordingly, Intel's declaratory relief claim on the '371 patent cannot "relate back" to the filing date of Delaware I—a point in time *before* the '371 patent had issued.[2]

Although the parties disagree as to where the '371 patent should be litigated, they appear to agree that there should be no scheduling conference in this action until the procedural issues have been resolved. For its part, Intel says in its letter that it plans to dismiss this case if the Court grants its motion to supplement, thus obviating the need for the scheduling conference. And if the Texas court decides that the '371 patent should be litigated in Texas, there also will be no need for a scheduling conference in this action (or for this Court to rule on Intel's motion to supplement). Under these circumstances, AmberWave respectfully requests that the Court not set a scheduling conference at this time.

---

[1] *E.g., Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) ("[F]orum non conveniens argument [addressed to court in second-filed action] should be addressed to the court in the first-filed action."); *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1164 (10th Cir. 1982) ("[T]he court which first obtains jurisdiction should be allowed to first decide issues of venue."); *Pem Am. v. Lambert*, No. 03-CV-3706-JFK, 2003 WL 22383369, at *2 (S.D.N.Y. Oct. 17, 2003) ("In order to avoid conflict and confusion, the courts of this district, guided by Second Circuit case law, have adopted the bright-line rule that the court in which the first action was filed has the right and responsibility to decide whether the first filed rule or an exception thereto applies. Although this bright-line rule is largely identical to and rooted in the first filed rule, it does not provide for any special exceptions. It is a straight-forward rule to be applied in a rote manner.").

[2] There is another action pending between the parties in the Eastern District of Texas, C.A. No. 02-05CV-321-LED (filed July 15, 2005), in which AmberWave has asserted that Intel is infringing U.S Patent No. 6,881,632. Intel has moved to transfer that action to Delaware. As discussed above, if Intel desires to litigate the '371 patent dispute in Delaware, it should follow the same procedure and move to transfer AmberWave's '371 patent action to Delaware.

The Honorable Kent A. Jordan
October 31, 2005
Page 3

                              Respectfully,

                              */s/ Jack B. Blumenfeld*

                              Jack B. Blumenfeld (#1014)

JBB/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
        Josy W. Ingersoll, Esquire (By Hand)
        David I. Gindler, Esquire (By Fax)
        George M. Newcombe, Esquire (By Fax)