IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | Civil Action No. 05-837-KAJ |
| Plaintiff, | ) | |
| v. | ) | |
| INTEL CORPORATION, | ) | |
| Defendant. | ) | |
| INTEL CORPORATION, | ) | Civil Action No. 05-682-KAJ |
| Plaintiff, | ) | |
| v. | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| Defendant. | ) | |
| INTEL CORPORATION, | ) | Civil Action No. 05-301-KAJ |
| Plaintiff, | ) | |
| v. | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| Defendant. | ) | |

|  | ) |
| --- | --- |
| AMBERWAVE SYSTEMS CORPORATION, | ) |
|  | ) |
| Counterclaimant, | ) |
|  | ) |
| v. | ) |
|  | ) |
| INTEL CORPORATION, | ) |
|  | ) |
| Counterdefendant. | ) |
|  | ) |

## JOINT REPORT TO THE COURT REGARDING CONSOLIDATION

Intel Corporation and AmberWave Systems Corporation, the parties in the above-captioned actions, jointly submit this report to the Court.

There are now three matters involving Intel and AmberWave pending before the Court:

*Intel Corporation v. AmberWave Systems Corporation*, C.A. No. 05-301-KAJ

*Intel Corporation v. AmberWave Systems Corporation*, C.A. No. 05-682-KAJ

*AmberWave Systems Corporation v. Intel Corporation*, C.A. No. 05-837-KAJ.

There is also an action pending in the Eastern District of Texas between the parties:

*AmberWave Systems Corporation v. Intel Corporation*, C.A. No. 2-05CV-449-TJW.

These four cases involve three AmberWave patents that Intel is accused of infringing.

The parties respectfully request that the Court consolidate C.A. Nos. 05-301 and 05-837 for all purposes. This consolidated proceeding will contain claims for infringement based on all three of the AmberWave patents now at issue. Upon consolidation, the parties will then dismiss without prejudice the redundant 05-682 and 2-05CV-449 proceedings.

Attached as Exhibit A to this Joint Report is a proposed Stipulation and Consolidation Order, which reflects the parties' agreement on the proposed form of consolidation. In addition, attached as Exhibit B is a proposed scheduling order which reflects Intel's and AmberWave's respective proposals for scheduling of the consolidated action. The parties respectfully request a telephonic conference at the Court's convenience to discuss scheduling.

In light of the anticipated consolidation, the parties also respectfully request that the Court remove all dates on the Court's current calendar in the action *Intel Corporation v. AmberWave Systems Corporation*, Civil Action No. 05-301-KAJ, including the pending technical tutorial now scheduled for February 10, 2006.

Dated: February 2, 2006

OF COUNSEL
George M. Newcombe
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, California 94304

Respectfully submitted,

By: _____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801

Attorneys for Intel Corporation


OF COUNSEL
Morgan Chu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067

By: /s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

Attorneys for AmberWave Systems
Corporation

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTEL CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 05-837-KAJ |
| INTEL CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMBERWAVE SYSTEMS CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 05-682-KAJ |
| INTEL CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMBERWAVE SYSTEMS CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 05-301-KAJ |

062992.1002

```
                                        )
AMBERWAVE SYSTEMS CORPORATION,          )
                                        )
                     Counterclaimant,   )
                                        )
          v.                            )
                                        )
INTEL CORPORATION,                      )
                                        )
                     Counterdefendant.  )
                                        )
```

## STIPULATION AND CONSOLIDATION ORDER

WHEREAS, on May 17, 2005, Intel Corporation ("Intel") commenced an action in this

Court against AmberWave Systems Corporation ("AmberWave") captioned *Intel Corporation v.*

*AmberWave Systems Corporation*, Civil Action No. 05-301-KAJ, seeking a declaration that none

of its devices or systems infringes AmberWave's United States Patent No. 6,831,292 (the "'292

Action");

WHEREAS, on July 15, 2005, AmberWave commenced an action in the United States

District Court for the Eastern District of Texas against Intel captioned *AmberWave Systems*

*Corporation v. Intel Corporation*, Civil Action No. 2-05CV-321, alleging that certain computer

processor products that Intel made, used, offered to sell, sold, and/or imported infringed

AmberWave's United States Patent No. 6,881,632 (the "'632 Action");

WHEREAS, on September 20, 2005, Intel commenced an action in this Court against

AmberWave captioned *Intel Corporation v. AmberWave Systems Corporation*, Civil Action No.

05-682-KAJ, seeking a declaration that none of its devices or systems infringes AmberWave's

United States Patent No. 6,946,371, otherwise known as the "'371 Patent" (the "Intel '371

Action");

WHEREAS, on September 20, 2005, AmberWave commenced an action in the United States District Court for the Eastern District of Texas captioned *AmberWave Systems Corporation v. Intel Corporation*, Civil Action No. 2-05CV-449, alleging that certain computer processor products that Intel made, used, offered to sell, sold, and/or imported infringed the '371 Patent (the "AmberWave '371 Action");

WHEREAS, by order dated November 1, 2005, the United States District Court for the Eastern District of Texas transferred the '632 Action to this Court, and the case was designated Civil Action No. 05-837-KAJ;

WHEREAS, on November 29, 2005, this Court granted Intel's motion to supplement its complaint in the '292 Action to seek a declaration that none of its devices or systems infringes the '371 Patent;

WHEREAS, the parties have agreed to withdraw without prejudice the AmberWave '371 Action and the Intel '371 Action, respectively;

and

WHEREAS, the parties believe that consolidation of the '632 Action and the '292 Action is appropriate;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Intel and AmberWave as follows:

1.      Consolidation Of Actions: The '632 Action shall be consolidated with the '292 Action for all purposes, including trial (the "Consolidated Action").  All discovery conducted to date in the '632 Action and the '292 Action shall be treated as having been conducted in the Consolidated Action; provided that neither party intends to limit or waive any rights or objections it may have with regard to further discovery on the parties to the Consolidated Action

or on third-parties. Papers in the Consolidated Action shall be filed and docketed solely in Civil

Action No. 05-301-KAJ. Upon entry of this Stipulation and Consolidation order by the Court,

all filing in the Consolidated Action shall bear the following caption:

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | Civil Action No. 05-301-KAJ |
| | ) | (consolidated) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

2.    <u>Filing Of Amended Complaint</u>: Not later than twenty-one days after the Court's

entry of this Stipulation and Consolidation Order, AmberWave shall file an amended,

consolidated complaint in the Consolidated Action. AmberWave's claims for infringement of

the '371 patent shall relate back to at least September 20, 2005, the date of filing of the

AmberWave '371 Action. Intel shall file its response twenty days thereafter.

3.    <u>Withdrawal Of '371 Actions</u>: Not later than three days after the filing of the

consolidated complaint in the Consolidated Action, AmberWave will withdraw without

prejudice the AmberWave '371 Action and Intel will withdraw without prejudice the Intel '371

Action pursuant to the forms of dismissal attached as Exhibits A and B to this Stipulation and

Consolidation Order. AmberWave's withdrawal of the AmberWave '371 Action and Intel's

withdrawal of the Intel '371 Action are without prejudice to each party's respective rights and/or

remedies, if any, as of September 20, 2005 so that each party may pursue any and all rights and

remedies available to it with regard to the '371 Patent in the Consolidated Action.

4.    <u>Additional Claims</u>:  If AmberWave elects to file an action against Intel alleging

infringement of the patent that issues from United States Patent Application No. 10/774,890,

entitled "Relaxed SiGe Platform for High Speed CMOS Electronics and High-Speed Analog

Circuits" (the "'890 application"), AmberWave shall do so by filing an amended complaint in the

Consolidated Action asserting such claim within three business days of the issuance of the patent

from the '890 application.  AmberWave shall not file an action against Intel alleging

infringement of the '890 patent in any other court.  Intel hereby consents to the filing of an

amended complaint in the Consolidated Action alleging that Intel infringes the patent that issues

from the '890 application.

Dated:  February 2, 2006                                Respectfully submitted,

OF COUNSEL
George M. Newcombe                    By:    _____
SIMPSON THACHER & BARTLETT LLP            Josy W. Ingersoll (No. 1088)
3330 Hillview Avenue                        John W. Shaw (No. 3362)
Palo Alto, California  94304                 YOUNG CONAWAY STARGATT &
                                          TAYLOR, LLP
                                          The Brandywine Building, 17th Floor
                                          1000 West Street
                                          Wilmington, Delaware  19801

                                          Attorneys for Intel Corporation

OF COUNSEL
Morgan Chu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067

By:    /s/ Jack B. Blumenfeld
        Jack B. Blumenfeld (#1014)
        Leslie A. Polizoti (#4299)
        MORRIS, NICHOLS, ARSHT &
        TUNNELL LLP
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, Delaware  19899

        Attorneys for AmberWave Systems
        Corporation

SO ORDERED this _____ day of _____, 2006,

_____
United States District Judge

# TAB A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-682-KAJ |
| | ) | |
| vs. | ) | |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATED ORDER OF DISMISSAL WITHOUT PREJUDICE

IT IS HEREBY STIPULATED, by and between Intel Corporation ("Intel") and AmberWave Systems Corporation ("AmberWave") that the Court enter the following Stipulated Order of Dismissal, which shall be binding upon them:

1.    Intel's claims against AmberWave are hereby dismissed without prejudice.

2.    Intel and AmberWave shall bear their own costs and attorneys' fees in connection with this action.  In addition, Intel and AmberWave waive any and all rights to appeal this Stipulated Order of Dismissal.

Dated:  February 2, 2006            Respectfully submitted,


OF COUNSEL                  By:    _____
George M. Newcombe                 Josy W. Ingersoll (No. 1088)
SIMPSON THACHER & BARTLETT LLP      John W. Shaw (No. 3362)
3330 Hillview Avenue                YOUNG CONAWAY STARGATT &
Palo Alto, California  94304        TAYLOR, LLP
                                    The Brandywine Building, 17th Floor
                                    1000 West Street
                                    Wilmington, Delaware  19801

                                    Attorneys for Plaintiff Intel Corporation

OF COUNSEL
Morgan Chu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067

By:     /s/ Jack B. Blumenfeld
     Jack B. Blumenfeld (#1014)
     Leslie A. Polizoti (#4299)
     MORRIS, NICHOLS, ARSHT, &
     TUNNELL LLP
     1201 N. Market Street
     P.O. Box 1347
     Wilmington, Delaware  19899

     Attorneys for Defendant AmberWave
     Systems Corporation

## ORDER

Pursuant to the Stipulation between Intel and AmberWave, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      Intel's claims against AmberWave are hereby dismissed without prejudice;

2.      Intel and AmberWave shall bear their own costs and attorneys' fees in connection with this action.  In addition, Intel and AmberWave waive any and all rights to appeal this Stipulated Order of Dismissal.


Dated:  February ___, 2005

                                   _____
                                   United States District Court Judge

# TAB B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | § | |
| Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 2-05CV-449-TJW |
| INTEL CORPORATION, | §<br>§ | Jury |
| Defendant. | §<br>§ | |
| | § | |

## JOINT MOTION TO DISMISS WITHOUT PREJUDICE

Intel Corporation ("Intel") and AmberWave Systems Corporation ("AmberWave") jointly move the Court to enter the attached Order of Dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(2), and in support will show the Court as follows.

AmberWave has agreed to dismiss its claims against Intel without prejudice.

Intel and AmberWave have agreed to bear their own costs and attorneys' fees in connection with this action. In addition, Intel and AmberWave waive any and all rights to appeal the Order of Dismissal, attached to this motion.

Based on the foregoing, Intel and AmberWave respectfully move the Court to grant their Joint Motion to Dismiss this action without prejudice.

Dated: February __, 2006

Respectfully submitted,

OF COUNSEL
Morgan Chu
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067-4276

By: _____
      S. Calvin Capshaw III
      Texas Bar No. #03783900)
      BROWN MCCARROLL LLP
      1127 Judson Road, Suite 220
      P.O. Box 3999
      Longview, Texas  75601-5157
      Phone:  (903) 236-9800
      Facsimile:  (903) 236-8787
      E-mail:  CCapshaw@mailbmc.com

1441632.

Attorneys for Plaintiff AmberWave
Systems Corporation

OF COUNSEL                              By: _____
George M. Newcombe                           Michael E. Jones
SIMPSON THACHER & BARTLETT LLP                Texas Bar No. 10929400
3330 Hillview Avenue                          POTTER MINTON, PC
Palo Alto, California  94304                  100 North College
                                              500 Plaza Tower
                                              Tyler, Texas  75702
                                              mikejones@potterminton.com
                                              Telephone: (903) 597-8311
                                              Facsimile: (903) 593-0846

                                              Attorneys for Defendant Intel
                                              Corporation


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this _____ day of _____, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

                          _____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | § | |
| Plaintiff, | § § § | |
| vs. | § § | Civil Action No. 2-05CV-449-TJW |
| INTEL CORPORATION, | § § | Jury |
| Defendant. | § § | |

## ORDER OF DISMISSAL

Before the Court is the Joint Motion to Dismiss without Prejudice, filed by the parties pursuant to Federal Rule of Civil Procedure 41(a)(2) in the above referenced matter. The Court is of the opinion that the motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:

1.    AmberWave's claims against Intel are hereby dismissed without prejudice;

2.    Intel and AmberWave shall bear their own costs and attorneys fees in connection with this action.  In addition, Intel and AmberWave waive any and all rights to appeal this Order of Dismissal.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTEL CORPORATION,                         )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )        Civil Action No. 05-301-KAJ
                                           )        (consolidated)
AMBERWAVE SYSTEMS CORPORATION,             )
                                           )
            Defendant.                     )

## REVISED SCHEDULING ORDER

This _____ day of _____, 2006, the Court having conducted an **additional**

Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____,

2006 and the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation, or binding arbitration;

      IT IS ORDERED that:

      1.    Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.  The

parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l)

within two weeks of the date of this Order.  Pending further negotiations between the parties

regarding the appropriate standard for electronic discovery in this action, and further order of the

Court following such negotiations, the Court's Default Standard for Discovery of Electronic

Documents, which is posted at http://ww.ded.uscourts.gov (see Hot Topics, Ad Hoc Committee

for Electronic Discovery), is incorporated herein by reference.

      2.    Joinder of Other Parties and Amendment of Pleadings.  All motions to join

other parties shall be filed on or before **[Intel: July 7, 2006] [AmberWave: twenty-one days**

**after the entry of this Revised Scheduling Order].**  All motions to amend or supplement the pleadings shall be filed on or before **[Intel: January 17, 2007] [AmberWave: July 17, 2006].**

      3.    <u>Discovery</u>.

      (a)    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of 175 hours of taking testimony by deposition upon oral examination for fact witnesses.  Each side may conduct 7 hours of testimony by deposition upon oral examination for each expert as to each report submitted by such expert.

      (b)    <u>Location of Depositions</u>.  Any party representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      (c)    <u>Interrogatories</u>.  Each party shall be limited to **[Intel: 60] [AmberWave: 90]** interrogatories.

      (d)    <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before **[Intel: April 16, 2007] [AmberWave: October 13, 2006]**.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      (e)    <u>Disclosure of Expert Testimony</u>.  Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery, and file

a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert* v. *Merrell Dow Pharm., Inc.,* 509 *U.S.* 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. The parties agree that draft reports prepared by disclosed experts shall not be discoverable.

(f)    Discovery Disputes.    Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.    Application to Court for Protective Order.    Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3(f) above.

Any proposed order should include the following paragraph:

Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.      Papers Filed Under Seal.  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.      Settlement Conference.   Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  **A mediation is currently scheduled for March 8, 2006 before United States Magistrate Judge Mary Pat Thynge.**

7.      Interim Status Report.  On **[Intel: March 2, 2007] [AmberWave: August 30, 2006],** counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.      Status Conference.    On **[Intel: March 6, 2007] [AmberWave: September 6, 2006],** the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiffs counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    <u>Tutorial Describing, the Technology - and Matters in Issue</u>.  The parties shall provide the Court on **[Intel: November 13, 2006] [AmberWave: September 13, 2006]** at 9:30 a.m. an in-person tutorial on the technology at issue.  The tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions.

10.    <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **[Intel: June 8, 2007] [AmberWave: January 5, 2007]**.  Answering briefs and supporting papers opposing case dispositive motions shall be served and filed on or before **[Intel: July 6, 2007] [AmberWave: February 2, 2007]**.  Reply briefs, if any, shall be served and filed on or before **[Intel: July 20, 2007] [AmberWave: February 16, 2007]**.

11.    <u>Claim Construction Issue Identification</u>.  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **[Intel: April 23, 2007] [AmberWave: November 20, 2006]**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

12.    Claim Construction.    The Joint Claim Construction Chart shall be submitted to the Court on **[Intel: May 14, 2007] [AmberWave: December 13, 2006]**. Issues of claim construction shall be submitted to the Court by each party filing an opening brief on **[Intel: June 8, 2007] [AmberWave: January 5, 2007]**, and a responsive brief on **[Intel: July 6, 2007] [AmberWave: February 2, 2007]**.

13.    Hearing on Claim Construction.    Beginning at 2:00 p.m. on **[Intel: July 27, 2007] [AmberWave: February 23, 2007]**, the Court will hear evidence and argument on claim construction and summary judgment.

14.    Applications by Motion.    Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.    Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.    Any nondispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Pretrial Conference.    On **[Intel: November 26, 2007] [AmberWave: May 24, 2007]**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m.    Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).    The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **[Intel: October 22, 2007] [AmberWave: April 23, 2007]**.

16.    Motions *in Limine*.    Motions *in limine* shall not be separately filed.    All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.    Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.    The *in limine*

request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in Wordperfect format) which contains the instructions, proposed voir dire, special verdicts and jury interrogatories.

18.    <u>Trial</u>. This matter is scheduled for a 10-day jury trial from **[Intel: December 2-14, 2007] [AmberWave: June 18-29, 2007]**. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

_____

United States District Judge